IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENSION FUND, LOCAL 502; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502; and TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRIANING FUND, LOCAL 502,<br><br>      Plaintiffs,<br><br>  v.<br><br>MAXIM CONSTRUCTION CORPORATION INC.,<br><br>      Defendant. | Case No. 16-cv-5612<br><br>Judge Sara L. Ellis |

**JOINT INITIAL STATUS REPORT FOR REASSIGNED CASE**

NOW COME the parties, by and through their respective attorneys, and for their Joint Initial Status Report for Reassigned Case, state as follows:

1. **Nature of the Case**

    A. Attorneys of record for each party.

    - Counsel for Plaintiffs: Donald Schwartz of Arnold and Kadjan, 203 N. LaSalle St., Suite 1650, Chicago, Illinois 60601. Phone: 312-236-0415, Fax: 312-341-0438.
    - Counsel for Defendant: Roland S. Keske and Peter T. Cahill of Leahy, Eisenberg & Fraenkel, Ltd., 33 W. Monroe Street, Suite 1100, Chicago, Illinois 60603-5317. Tel. (312) 368-4554, fax. (312) 368-4562.

    B. Basis of federal jurisdiction. Plaintiff alleges that jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185

      (a) as amended, and Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

C.    Generally describe the nature of the claims asserted in the complaint and any counterclaims. Plaintiffs seek to audit Maxim's records to ascertain whether Maxim failed to make certain contributions to the Funds in violation of Maxim's obligations under certain contracts and statutes. Maxim has not filed a counterclaim.

D.    Describe the relief sought by the plaintiff(s). Plaintiffs have requested the following relief: that MAXIM be ordered to submit to an audit for January 1, 2015 to the present; that judgment be entered against MAXIM and in favor of the Plaintiffs, the Cement Masons Local 502 Fringe Benefit Funds, in the amount due on the audit; that Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2); that MAXIM be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments; and that this Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

E.    There are no unserved parties.

2.    **Pending Motions and Case Plan**

    A.    Brief description of all pending motions. N/A

    B.    Brief description of discovery status. Maxim has agreed to accommodate the Plaintiffs' requests for an audit. The Plaintiffs have issued written discovery requests to Maxim, which the parties have agreed to table pending completion of the audit, which is expected to resolve any matters requested in the written discovery. It is contemplated that the audit will be completed on or about November 30, 2016.

    C.    Substantive rulings to date. Only that, as agreed by Maxim, the audit shall be conducted as to records from January 1, 2015 through the present. (ECF 8, 13.)

    D.    All anticipated motions. Depending on the audit results, Plaintiffs may seek a motion for relief against Maxim. Otherwise, none.

    E.    Trial. Neither party has filed a jury demand. The trial, if any, is expected to be approximately three days long. The parties anticipate that the case will be ready for trial by July 2017. No final pretrial order has been filed, and there is no

pending deadline for same.

F. The parties agree to service of pleadings and other papers by electronic means under FRCP 5(b)(2)(E).

**3.  Referrals and Settlement**

A. The case has not been referred to the Magistrate Judge.

B. Settlement discussions have not occurred.

C. The parties do not request a settlement conference at this time.

D. Although the parties have not consented to the jurisdiction of the Magistrate Judge, the parties are open to further discussion on this issue.

Respectfully submitted,

ARNOLD AND KADJAN, LLP

By: /s/ Donald D. Schwartz
   One of Plaintiffs' Attorneys

Donald D. Schwartz
203 North LaSalle Street, Suite 1650
Chicago, IL 60601
Tel. (312) 236-0415
Email: dschwartz@arnoldandkadjan.com

LEAHY, EISENBERG & FRAENKEL

By:  /s/ *Peter T. Cahill*
   One of Defendant's Attorneys

Leahy, Eisenberg & Fraenkel, Ltd.
33 W. Monroe St., Suite 1100
Chicago, IL 60603
Tel. (312) 368-4554
Email: ptc@lefltd.com